# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                      **ORDER**
                         Criminal File No. 11-87 (MJD/JJK)

(1) JULIAN OKEAYAINNEH,
(7) ADETOKUNBO OLUBUNMI ADEJUMO,
(8) JUDE OBIRA OKAFOR,
(9) OLUGBENGA TEMIDAGO ADENIRAN,
(11) CHARLES TUBMAN DWAMINA, and
(12) SUNDAYGA DEXTER ROBERTS,

      Defendants.

Ann M. Anaya and John Docherty, Assistant United States Attorneys, Counsel for Plaintiff.

Jean M. Brandl, Cloutier & Brandl, P.A., Counsel for Defendant Okeayainneh.

Stephen R. O'Brien, Stephen R. O'Brien Law Office, Counsel for Defendant Adejumo.

John S. Hughes, Law Office of John S. Hughes, Counsel for Defendant Okafor.

Daniel Mohs, Law Office of Daniel Mohs, Counsel for Defendant Adeniran.

Wayne G. Nelson, Law Offices of Wayne G. Nelson, Counsel for Defendant Dwamina.

Eric L. Newmark, Gaskins, Bennett, Birrell, Schupp, LLP, Counsel for Defendant Roberts.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated May 13, 2011. [Docket Nos. 367, 368, 369, 370, 372, 373]

Defendants Okeayainneh, Okafor, and Adeniran filed objections to the Report and Recommendation. Defendants Adejumo, Dwamina, and Roberts filed no objections to the Report and Recommendation. Defendant Jonathan Sie Earley has pled guilty, so the Court will not address the Report and Recommendation [Docket No. 371] as to Earley; nor will the Court address Earley's motions.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Keyes dated May 13, 2011, with the following modifications:

Regarding the discussion of the Speedy Trial Act and Defendant Okeayainneh on page 8, footnote 4 of the Report and Recommendation:

Defendant objects that the Report and Recommendation erroneously excludes eleven, rather than ten, days for travel between December 20 and January 1. Under 18 U.S.C. § 3161(h)(1)(F), the following period of time is excluded in computing time under the Speedy Trial Act:

> delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

Therefore, because the Government did not offer evidence to rebut the presumption, no more than 10 days should excluded based on Defendant's transportation from California to Minnesota. In footnote 3, the Report and Recommendation appears to exclude December 21 through and including December 31, which is a total of 11 excluded days. The Court will only exclude 10 days, December 21 through and including December 30. However, the remaining calculations in the Report and Recommendation are correct. Therefore, twenty-nine days elapsed between Defendant's arrest and the Indictment. This time period is still less than thirty days, so the Speedy Trial Act has not been violated.

Regarding the discussion of the Speedy Trial Act and Defendant Adeniran on pages 33 through 36 of the Report and Recommendation:

The references to the year "2011" on lines 1, 2, 4, and 6 of page 33 are replaced with references to the year "2010."

In footnote 9, on page 33, the reference to "February 29, 2011" is replaced with "February 28, 2011."

In footnote 10, beginning on page 35 and continuing on page 36, the reference to "Defendant Okeayainneh" is replaced with a reference to "Defendant Adeniran," and the reference to "thirty-five days" is replaced with "five days."

Defendant Okeayainneh has also filed a Second Brief in Support of Dismissal Based on Violation of the Speedy Trial Act [Docket No. 397], in which he raises additional arguments regarding the propriety of the exclusion of the days between the Government's filing of the motion for detention and the conclusion of the detention hearing.  Okeayainneh asserts that, while he did request a continuance of the detention hearing, he only requested a 30-day continuance, not the longer continuance until the February 22, 2011, detention

hearing concluded.  The Court rejects Okeayainneh's argument.  As the Report and Recommendation noted, the time from the filing of the detention motion to the conclusion of the hearing on that matter was automatically excluded.  (R&R at 8 n.3.)  See 18 U.S.C. § 3161(h)(1)(D) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . .  Any period of delay resulting from other proceedings concerning the defendant, including but not limited to – . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."); Henderson v. United States, 476 U.S. 321, 330 (1986) (holding that "Congress intended subsection (F) [now (D)] to exclude . . . all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary'").  The exclusion of this time is "automatic." Bloate v. United States, 130 S.Ct. 1345, 1349 n.1 (2010).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated May 13, 2011 [Docket Nos. 367, 368, 369, 370, 372, 373], with the modifications set forth above.

2. Defendant Okeayainneh's Motion for Dismissal Based on the Speedy Trial Act [Docket No. 102] is **DENIED**.

3. Defendant Okeayainneh's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 104] is **DENIED**.

4. Defendant Okeayainneh's Pro Se Motion for Dismissal Based on Double Jeopardy [Docket No. 314] is **DENIED**.

5. Defendant Adejumo's Motion to Suppress Evidence Obtained as a Result of an Illegal Search or Seizure or Arrest [Docket No. 332] is **DENIED**.

6. Defendant Adejumo's Motion to Suppress Statements, Admissions, and Answers [Docket No. 333] is **DENIED**.

7. Defendant Okafor's Motion to Suppress Evidence Obtained as a Result of an Illegal Search or Seizure or Arrest [Docket No. 180] is **DENIED**.

8. Defendant Adeniran's Motion to Dismiss the Indictment [Docket No. 214] is **DENIED**.

9. Defendant Dwamina's Motion for Suppression of All Evidence Obtained Pursuant to the Execution of a Search Warrant [Docket No. 204] is **DENIED**.

10. Defendant Roberts's Motion to Suppress Evidence Obtained by Search and Seizure [Docket No. 161] is **DENIED**.

Dated: June 20, 2011         s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court